**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| CHASTIDI CORREA,<br>an individual,<br><br>      Plaintiff,<br><br>vs.<br><br>FLAMINGO COOPER CITY<br>HOLDING, LLC,<br>a Florida Limited Liability Company,<br><br>      Defendant.<br>_____/ | )<br>)<br>)<br>)<br>)<br>)    **CASE NO.:**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff, CHASTIDI CORREA, by and through her undersigned counsel, hereby files this Complaint and sues FLAMINGO COOPER CITY HOLDING, LLC, a Florida Limited Liability Company, for injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

**JURISDICTION AND PARTIES**

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Southern District of Florida.

3.      Plaintiff, CHASTIDI CORREA, (hereinafter referred to as "Ms. Correa") is a resident of the state of Florida in Broward County.

1

4.      Plaintiff is a qualified individual with a disability under the ADA.  Plaintiff was severely injured in a workplace accident in 2012 affecting her lower back and elbow.  As a result she is permanently disabled.

5.      Due to her disability, Plaintiff is substantially impaired in several major life activities including walking and standing and utilizes a walker for mobility. [1]

6.      Defendant FLAMINGO COOPER CITY HOLDING, LLC, (hereinafter referred to as "Defendant") is a Florida Limited Liability Company, registered to do business in the State of Florida.  Upon information and belief, Defendant is the owner of the real property and improvements, a KFC & Taco Bell restaurant, which is the subject of this action, to wit: generally located at 5990 S. Flamingo Road, Cooper City, FL 33330 (the "Property"). Defendant is responsible for complying with the obligations of the ADA.

7.      All events giving rise to this lawsuit occurred in the Southern District of Florida, Broward County, Florida.

## COUNT I - VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT

8.      Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9.      The Property, a fast-food restaurant, is consequently a place of public accommodation subject to the ADA.

10.     Plaintiff has visited the Property discussed herein several times over the last year, including her last visit in early January 2021, and plans to visit again in the near future.

_____

[1] Plaintiff is capable of walking short distances without assistance on good days.

11.     During her visits, Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint. Moreover, but for the inaccessible condition of the Property, Plaintiff would visit the Property more often.

12.     Due to the barriers, Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to goods and services offered at the Property, owned, leased, and/or operated by Defendant.

13.     Plaintiff desires to visit the Property but fears that she will be subjected to the same architectural barriers which remain at the Property in violation of the ADA.

14.     Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.304 *et seq.* and is discriminating against Plaintiff due to, but not limited to, the following barriers to access which Plaintiff personally encountered and which hindered her access:

A.     Plaintiff personally encountered inaccessible parking designated for disabled use due to excessive slopes and damaged pavement within the disabled space and its access aisle.  This caused Plaintiff difficulty using the space and increased her risk of a fall when transferring into and out of her vehicle.

B.     Plaintiff personally encountered an inaccessible entrance due to lack of level clear floor space in front of the door entrance and an improper door threshold which was difficult to navigate.

C.     Plaintiff personally encountered an inaccessible women's restroom due to the lack of pipe insulation under sinks which subjected Plaintiff to the potential for cuts and burns.

15.     To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16.     Independent of her intent to return as a patron, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17.     Removal of the barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplishable without placing an undue burden on Defendant.

18.     Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19.     Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A.     That this Court declares that the Property owned, leased, and/or operated by Defendant is in violation of the ADA;

B.     That this Court enter an Order directing Defendant to alter its Property to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

C.     That this Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with

disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D.   That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Plaintiff; and

E.   That this Court awards such other and further relief as it deems necessary, just and proper.

Date: January 28, 2021

Respectfully Submitted,

KU & MUSSMAN, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, Florida 33029
Tel: (305) 891-1322
Fax: (954) 686-3976
Brian@kumussman.com

By: */s/ Louis Mussman*
Louis Mussman, Esq.
(FL Bar # 597155)
Brian T. Ku, Esq.
(FL Bar #: 610461)